Patrick Nelson v. CSP Solano Data Entry Personnel, CV 08-02482 CTB

Order re 42 U.S.C. § 1983 Complaint

Plaintiff Patrick Nelson ("Nelson"), a California prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against unnamed medical data entry personnel of Solano state prison.  Nelson alleges deliberate indifference to his serious medical needs and also that he was forced to take anti-psychotic medication against his will.  Specifically, he alleges that unnamed medical data entry personnel knowingly entered the wrong medication information into his patient profile, which caused a nurse to administer him an un-prescribed anti-psychotic drug to which he had a serious reaction that left him in extreme pain for three days.  However, Nelson has not exhausted his administrative remedies.  Thus, this action is DISMISSED without prejudice.

I.      Background

Nelson is a prisoner at Solano County state prison in California. He filed this § 1983 complaint on October 20, 2008 (Docket No. 1), along with a motion under 28 U.S.C. § 1915(a) to proceed in forma pauperis (Docket No. 2).  On October 29, 2008, Nelson declined to submit to the jurisdiction of a U.S. Magistrate Judge. (Docket No. 4.)  The case was then assigned to U.S. District Judge John A. Mendez on November 3, 2008. (Docket No. 6.)

On November 25, 2008, this case was reassigned to then-Chief Judge Alicemarie H. Stotler of the Central District of California (Docket No. 8), and, on December 23 of that same year, to Judge Carlos T. Bea of the Ninth Circuit, who sits by designation (Docket No. 9).

II.     Legal Standard

Under the Prison Litigation Reform Act ("PLRA"), a federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, this Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which

1

relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* § 1915A(b)(1)–(2); Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).  Pro se pleadings must, however, be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

III.    Discussion

Nelson has failed to satisfy the exhaustion requirement of the PLRA, which states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Under the PLRA, a prisoner "may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed.  It would be inconsistent with the objectives of the statute to let him submit his complaint any earlier than that."  Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006).  Although PLRA exhaustion is an affirmative defense, the Court may sua sponte dismiss the amended complaint if Nelson's factual allegations, taken as true, establish nonexhaustion.  See Jones v. Bock, 549 U.S. 199, 214–15 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003).

The factual allegations in Nelson's complaint, along with the attached documents establish that he did not exhaust his administrative remedies.  Page two of Nelson's form complaint asks whether he had filed a prison grievance concerning the allegations in the complaint, and whether the grievance process was completed. (Docket No. 1.)  Nelson checked "yes" to both questions, but in the explanation section stated that, although he had submitted the grievance three times, the prison grievance officer would not assign a log number to it because it duplicated a grievance Nelson had already filed.  Nelson attached the prison documents that rejected his grievance, one of which stated "You have submitted an appeal that duplicates a previous appeal upon which a decision has been rendered *or is pending*" (id., emphasis added), another of which stated "the appeal remains duplicative of Log # CSP-S-08-01981 and *is currently at the Second Level of Review*." (id., emphasis added).  Thus, Nelson's prison grievance was still pending

second-level review when he filed this § 1983 claim.[1]  He failed to exhaust his administrative remedies and so this court must sua sponte dismiss his claim without prejudice.[2]  Nelson may re-file his complaint once his prison grievance (Log # CSP-S-08-01981) has gone through third-level review.[3]


IV.   Conclusion

For the foregoing reasons, the Court DISMISSES Nelson's complaint without prejudice.  Nelson's motion to proceed in forma pauperis is DISMISSED as moot.  Nelson must exhaust his administrative remedies before he may refile an amended complaint.

---

[1] In the California Department of Corrections ("CDC"), a prisoner has the right to appeal administratively "any departmental decision, action, condition or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Admin. Code tit. 15, § 3084.1(a).  To exhaust these administrative remedies, a prisoner must proceed through several levels of appeal: (1) informal resolution; (2) formal written appeal on a CDC 602 inmate appeal form; (3) second-level appeal to the institution head or designee; and (4) third-level appeal to the Director of the CDC.  Id. § 3084.5; Brodheim v. Cry, 584 F.3d 1262, 1265 (9th Cir. 2009). A final decision from the Director's level of review satisfies the exhaustion requirement.  Aidnik v. Cal. Med. Facility, No. 2:08-cv-02583-HDM-RAM, 2009 WL 3789223, at *2 (E.D. Cal. Nov. 10, 2009) (unpublished disposition).

[2] The Court must treat the failure to exhaust as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  In deciding a motion to dismiss on such grounds, "the court may look beyond the pleadings and decide disputed issues of fact."  Id.  at 1120.  Because the Court finds Nelson has not exhausted his administrative remedies, the proper remedy is dismissal without prejudice.  Id.

[3] This court must dismiss even if Nelson's claim has gone through third-level review while Nelson's claim was pending, because it wasn't exhausted at the time he filed suit.  See, e.g., Jackson v. Dist. of Columbia, 254 F.3d 262, 269 (D.C. Cir. 2001) (holding the language of § 1997e(a) mandates that actions be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit, even if the prisoner fully exhausts while the suit is pending).

      The Court ORDERS the Clerk of Court to send Nelson a new in forma pauperis application, and to close this case.

      IT IS SO ORDERED.

Date: December 22, 2009

<u>   /s/ Carlos T. Bea</u>
Carlos T. Bea
United States Circuit Judge

4